IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ROGER L. RILEY,**<br><br>Plaintiff,<br><br>v.<br><br>**U.S. REMODELERS, INC. (incorrectly named as U.S. Home Systems d/b/a U.S. Home Remodelers),**<br><br>Defendant. | No. 08 C 0609<br><br>Judge Matthew F. Kennelly<br>Magistrate Judge Arlander Keys |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant U.S. Remodelers, Inc. (hereinafter "U.S. Remodelers" or "Defendant" or "Company"),[1] by and through its attorneys, hereby submits its Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on the basis that the complaint is preempted by the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et. seq.*

**I.   STATEMENT OF FACTS**

U.S. Remodelers provides installation services for kitchen and bath refacing and deck products. The Company employs sales representatives, whose job duties are to sell kitchen, bath, and deck products. Roger L. Riley (hereinafter "Riley" or "Plaintiff") began his employment with U.S. Remodelers as a commissioned sales representative on or around August 27, 2007. U.S. Remodelers terminated Riley's employment on or about November 16, 2007.

---

[1] Riley incorrectly names U.S. Home Systems, Inc., the parent entity of U.S. Remodelers, Inc. as the Defendant. Riley was not employed by U.S. Home Systems, Inc.

In response to being counseled, Riley filed his first Charge with the Illinois Department of Human Rights (hereinafter "IDHR"), (attached as **Exhibit 1**), Case No. 2008 CA 0744 (hereinafter "Charge I"), on or about September 26, 2007, alleging (i) harassment due to his race, African-American; (ii) harassment due to his age, (45); (iii) harassment due to his sex; (iv) unequal terms and conditions due to his race, African-American; (v) unequal terms and conditions due to his age, (45); and (vi) unequal terms and conditions due to his sex.

Then, on or about November 5, 2007, Riley filed a second Charge with the IDHR, Case No. 2008 CA 1138 (hereinafter "Charge II"), (attached as **Exhibit 2**), alleging (i) harassment due to his race, African-American; (ii) harassment due to his age, (45); (iii) harassment due to his sex; (iv) harassment in retaliation for filing IDHR Charge I; (v) written disciplinary warning due to his race; (vi) written disciplinary warning due to his age, (45); and (vii) written disciplinary warning due to his sex.  Finally, on or about December 18, 2007, after he was discharged from the Company, Riley filed a third Charge with the IDHR, Case No. 2008 CA 1550 (hereinafter "Charge III"), (attached as **Exhibit 3**), alleging discharge in retaliation for filing Charge I and Charge II.

In his Complaint, Plaintiff alleges, among other things, that the Company made changes to his sales contracts, which resulted in non-performance of the contracts (Complaint ¶ 6); harassed him for his work performance (Complaint ¶ 8); withheld leads from him until he attended training sessions (Complaint ¶ 11); and requested that he remove his discrimination complaint if he wanted to receive his commissions and other pay (Complaint ¶ 13).  He alleges that he filed Charge I with the IDHR on September 26, 2007, and Charge II on November 5, 2007. (Complaint ¶¶ 9,14).  He alleges he was terminated as of November 16, 2007 in retaliation for refusing to withdraw his discrimination charge. (Complaint ¶ 15).    Plaintiff has failed to

allege any basis for his retaliatory discharge claim other than the fact that he filed charges with the IDHR and the employment discrimination allegations contained in those charges.

## II.  ARGUMENT

### A.  Applicable Legal Standard

Federal Rule of Civil Procedure 12(b)(1) requires the court to dismiss a matter over which it lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1).  A motion to dismiss pursuant to Rule 12(b)(1) is reviewed under the same standards as a Rule 12(b)(6) motion to dismiss, except that, when determining subject matter jurisdiction, the court may look beyond the allegations of the complaint and view other submitted evidence.  *Johnson v. Joliet Junior College*, No. 06 C 5086, 2007 U.S. Dist. LEXIS 27558, 4-5 (N.D. Ill. Apr. 10, 2007) (attached as **Exhibit 4**).  Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6). The well-pleaded allegations of a complaint must be accepted as true.  *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).  However, a Complaint which consists of conclusory allegations unsupported by factual assertion fails even the liberal standard of Rule 12(b)(6).  *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995).  A court may grant a Rule 12(b)(6) motion to dismiss, with prejudice, when a plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *See Pugel v. Bd. of Trustees of Univ. of Illinois*, 378 F.3d 659, 662 (7th Cir. 2004).

### B.  Riley's State Court Claim Must Be Dismissed Because It Is Preempted By The Illinois Human Rights Act

If a plaintiff's common law action arises from a civil rights violation within the meaning of the IHRA, the IHRA preempts the common law claim.  *Rizzo v. Ball Horticultural Co.*, 2005

U.S. Dist. LEXIS 9588, at *7 (N.D. Ill. Apr. 20, 2005) (*citing Geise v. The Phoenix Company of Chicago, Inc.*, 159 Ill. 2d 507, 639 N.E.2d 1273, 1276-77 (Ill. 1994)) (attached as **Exhibit 5**).

The statute defines a "civil rights violation" as "[r]etaliat[ing] against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, sexual harassment in employment or sexual harassment in higher education, discrimination based on citizenship status in employment, or because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act."  775 ILCS 5/6-101 (1994).

The IHRA preempts common law claims when those common law claims are "inextricably linked" to a discrimination claim.  Similarly, common law claims are preempted if they are rooted in legal obligations and prohibitions that exist only under the IHRA.  *Kacprowski v. Advanced Reprod. Health Ctr., Inc.*, No. 00 C7884, 2001 U.S. Dist. LEXIS 8681, at *8-9 (N.D. Ill. Jul. 19, 2001) (attached as **Exhibit 6**).  In order to survive a motion to dismiss, Plaintiff must articulate some independent basis for the action apart from the IHRA - that there would still be a retaliatory discharge claim without the retaliation, age, gender, and race discrimination and harassment allegations.  *Geise v. The Phoenix Company of Chicago, Inc.*, 159 Ill. 2d 507, 516-19 639 N.E.2d 1273, 1277-78 (Ill. 1994).

In his Complaint, Plaintiff alleges that he was terminated in retaliation for refusing to withdraw his discrimination charges with the IDHR. (See Complaint ¶ 15)  Thus, Plaintiff's retaliatory discharge claim is premised entirely on U.S. Remodelers alleged discriminatory actions, up to and including the termination of his employment. (See Complaint ¶¶ 9, 14, 15).  Plaintiff has failed to allege any basis for this retaliatory discharge claim other than the employment discrimination allegations implicating the IHRA.  *See Thomas v. The Habitat Co.*,

Case 1:08-cv-00609    Document 9    Filed 02/01/2008    Page 4 of 7

U.S. Dist. LEXIS 9588, at *7 (N.D. Ill. Apr. 20, 2005) (*citing Geise v. The Phoenix Company of Chicago, Inc.*, 159 Ill. 2d 507, 639 N.E.2d 1273, 1276-77 (Ill. 1994)) (attached as **Exhibit 5**).

The statute defines a "civil rights violation" as "[r]etaliat[ing] against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, sexual harassment in employment or sexual harassment in higher education, discrimination based on citizenship status in employment, or because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act."  775 ILCS 5/6-101 (1994).

The IHRA preempts common law claims when those common law claims are "inextricably linked" to a discrimination claim.  Similarly, common law claims are preempted if they are rooted in legal obligations and prohibitions that exist only under the IHRA.  *Kacprowski v. Advanced Reprod. Health Ctr., Inc.*, No. 00 C7884, 2001 U.S. Dist. LEXIS 8681, at *8-9 (N.D. Ill. Jul. 19, 2001) (attached as **Exhibit 6**).  In order to survive a motion to dismiss, Plaintiff must articulate some independent basis for the action apart from the IHRA - that there would still be a retaliatory discharge claim without the retaliation, age, gender, and race discrimination and harassment allegations.  *Geise v. The Phoenix Company of Chicago, Inc.*, 159 Ill. 2d 507, 516-19 639 N.E.2d 1273, 1277-78 (Ill. 1994).

In his Complaint, Plaintiff alleges that he was terminated in retaliation for refusing to withdraw his discrimination charges with the IDHR. (See Complaint ¶ 15)  Thus, Plaintiff's retaliatory discharge claim is premised entirely on U.S. Remodelers alleged discriminatory actions, up to and including the termination of his employment. (See Complaint ¶¶ 9, 14, 15).  Plaintiff has failed to allege any basis for this retaliatory discharge claim other than the employment discrimination allegations implicating the IHRA.  *See Thomas v. The Habitat Co.*,

213 F. Supp. 2d 887, 898 (N.D. Ill. 2002) (*citing Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 687 N.E.2d 21, 23 (Ill. 1997)). Plaintiff's retaliatory discharge claim seeks redress for a civil rights violation as defined by the IHRA. Therefore, there is no doubt that Plaintiff's Complaint is "inextricably linked" to civil rights violations. *See Geise*, 159 Ill. 2d 507, 639 N.E.2d 1273, 1276-77 (Ill. 1994).

Plaintiff cannot overcome this district's case law dismissing state common law claims as preempted by the IHRA, where such claims are brought in connection with, or wholly dependent on, civil rights allegations. *See Johnson v. Joliet Junior College*, No. 06 C 5086, 2007 U.S. Dist. LEXIS 27558, at *7-8 (N.D. Ill. Apr. 10, 2007) (attached as **Exhibit 4**) (the court dismissed the state common law claims under Rule 12(b)(1) because Plaintiff asserted no additional, independent facts beyond those facts supporting his discrimination claims, to establish his state claims); *Kacprowski v. Advanced Reproductive Health Ctr., Inc.*, No. 00 C 7884, 2001 U.S. Dist. LEXIS 8681 (N. D. Ill. Jun 19, 2001) (attached as **Exhibit 6**) (court dismissed Plaintiff's retaliatory discharge claim under Rule 12(b)(6) because it found that it was preempted by the IHRA.); *Spight v. Safer Foundation*, No. 98 C 4438, 1999 U.S. Dist. LEXIS 4170 (N.D. Ill. Mar, 26, 1999) (attached as **Exhibit 7**) (court dismissed Plaintiff's retaliatory discharge claim under Rule 12(b)(6) because it found that it was inextricably linked to a category of civil rights violation covered by the IHRA.). *See also Corluka v. Bridgford Foods of Illinois, Inc.*, 284 Ill. App. 3d 190, 194, 61 N.E.2d 814, 817 (Ill. App. Ct. 1996) (court affirmed the dismissal of Plaintiff's retaliatory discharge claim because it found that the claim was preempted by the IHRA's "jurisdictional bar".) Thus, it is clear that because Plaintiff's retaliatory discharge common law claim lacks an independent basis, his complaint is preempted by the IHRA and must be dismissed.

In sum, Riley's common law retaliatory discharge claim is "inextricably linked" to his discrimination and harassment Charges before the IDHR. Therefore, this common law claim is preempted by the IHRA and must be dismissed for either lack of subject matter jurisdiction or failure to state a claim.

### III.   CONCLUSION[2]

For all of the foregoing reasons, this Court should grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice, and award to Defendant all such other relief as this Court deems necessary and appropriate.

/s/ Syeda H. Maghrabi
Syeda H. Maghrabi

Adam C. Wit (#06230538)
Syeda H. Maghrabi (#6290109)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520
Firm I.D. 34950

Dated: February 1, 2008

---

[2] The Court must also note that the IHRA precludes Riley from bringing a civil claim of retaliatory discharge in Illinois state court. Although a recent amendment to the IHRA now permits complainants from filing civil actions for their IDHR charges, this is *only* for charges that have been filed after January 1, 2008. 775 ILCS 5/7A-102 (J) (2008). The Illinois legislature made it clear that the Amendment was to apply prospectively from the date it took effect, *i.e.*, January 1, 2008. *Id.* ("The changes made to this Section by this amendatory Act of the 95th General Assembly apply to charges filed on or after the effective date of those changes. (Source: . . . P.A. 95-243, eff. 1-1-08.)") Here, however, all three of Riley's Charges were filed prior to the date the Amendment took effect, and, therefore, the option of filing a civil action in Illinois state court is unavailable to him. *See* 775 ILCS 5/7A-102 (G)(2), 5/7A-102 (J). Moreover, even if Riley's charges were filed after January 1, 2008, his complaint must still be dismissed because the IHRA requires completion of an IDHR investigation before a complainant can file a civil complaint. 775 ILCS 5/7A-102 (D)(3), 5/7A-102 (G)(2). The administrative process is not complete regarding Riley's three charges. In fact, the IDHR has yet to even hold a fact-finding conference for *any* of Riley's charges. Thus, because Riley's civil action is prematurely filed, this Court must dismiss this action.

-7-

## CERTIFICATE OF SERVICE

I, Syeda H. Maghrabi, an attorney, certify that on February 1, 2008, I electronically filed **Defendant's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint** using the Court's CM/ECF system, and served via U.S. Mail, return receipt requested, a copy of this Memorandum of Law in Support of Its Motion to Dismiss to the following party:

>Roger L. Riley
>P.O. Box 1231
>Streamwood, IL 60107


>/s/Syeda H. Maghrabi

Firmwide:84029065.2 058012.1002