# EXHIBIT 5

LEXSEE 2005 US DIST LEXIS 9588

CATHERINE RIZZO, Plaintiff, v. BALL HORTICULTURAL COMPANY, Defendant.

04 C 6723

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2005 U.S. Dist. LEXIS 9588

April 20, 2005, Decided
April 20, 2005, Filed

**COUNSEL:** [*1] For Catherine Rizzo, Plaintiff: Lori Ann Vanderlaan, Best, Vanderlaan & Harrington, Wheaton, IL; Janet E. Lanpher, Best, Vanderlaan & Harrington, Rockford, IL; Kimberly A Carr, Best, Vanderlaan & Harrington, Joliet, IL.

For Ball Horticultural Company, Defendant: Anne Elizabeth Duprey, Ian H. Morrison, Seyfarth Shaw LLP, Chicago, IL.

**JUDGES:** Blanche M. Manning, United States District Judge.

**OPINION BY:** Blanche M. Manning

**OPINION**

**MEMORANDUM AND ORDER**

Defendant Ball Horticultural Company seeks to dismiss plaintiff Catherine Rizzo's hostile work environment and intentional infliction of emotional distress claims (Counts II and VI of her complaint, respectively) pursuant to *Rule 12(b)(6)*. Rizzo, in turn, has filed a motion to strike all of Ball's affirmative defenses. For the following reasons, Ball's motion to dismiss and its request to voluntarily dismiss its first affirmative defense are granted and Rizzo's motion to strike Ball's remaining affirmative defenses is denied.

**I. Background**

The following facts are drawn from the complaint and accepted as true for purposes of the motions to dismiss. Ball employed Rizzo as a senior staff accountant and controller beginning in October [*2] of 1998. According to Rizzo, Ball discriminated against her based on her sex and age and then terminated her employment in May of 2003 due to her complaints about the discrimination.

Rizzo was represented by counsel in the proceedings before the EEOC. In her EEOC charge, Rizzo stated that her performance exceeded that of younger, male co-workers but that she was nevertheless denied opportunities and promotions and was ultimately demoted and then terminated. She also asserted that she was excluded from a meeting of finance managers but that younger, male employees were invited to attend. Finally, she contended that Ball retaliated against her by terminating her after she complained about the alleged gender and age discrimination.

In her federal complaint, Rizzo claims that Ball: (1) discriminated against her based on her gender (Count I); (2) created a hostile work environment based on her gender (Count II); (3) retaliated against her after she complained about discrimination prohibited by *Title VII* (Count III); (4) discriminated against her based on her age (Count IV); (5) retaliated against her after she complained about discrimination prohibited by the *ADEA* (Count V); and (6) is [*3] liable for intentional infliction of emotional distress under Illinois law (Count VI).

**II. Discussion**

### A. Ball's Motion to Dismiss

#### 1. Standard for a *Rule 12(b)(6)* Motion to Dismiss

In ruling on a motion to dismiss pursuant to *Fed. R. Civ. P. 12(b)(6)*, the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. *See, e.g., McMath v. City of Gary, 976 F.2d 1026, 1031 (7th Cir. 1992)*. Dismissal is properly granted only if it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle the plaintiff to relief. *Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)*. However, the court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady, 975 F.2d 366, 368 (7th Cir. 1992)*.

#### 2. Rizzo's Hostile Work Environment Claims

Ball contends that Rizzo has failed to state an actionable claim for sex discrimination [*4] based on hostile work environment because she did not adequately raise her hostile work environment claim in her EEOC charge. A plaintiff in a federal discrimination case generally cannot bring a claim in a federal lawsuit that was not included in her EEOC charge. *Cheek v. Western & Southern Life Insurance Company, 31 F.3d 497, 500 (7th Cir. 1994)*. The gist of Rizzo's EEOC charge is that Ball discriminated against her based on her age and her gender and then retaliated against her for complaining about the discrimination. In her federal complaint, she appears to be alleging that Ball created a hostile work environment based on actions taken due to gender discrimination. Rizzo's EEOC charge does not specifically allege that she was harassed while at Ball or that a hostile work environment existed.

If a plaintiff wishes to include a discrimination claim in her complaint that was not listed in her EEOC charge, she must show that the new claim: (1) is like or reasonably related to the EEOC charges, and (2) reasonably could develop from the EEOC's investigation into the original charges. *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167(7th Cir. 1976)*. [*5] A claim in an EEOC charge is "reasonably related" to a federal claim if it involves the same conduct and same individuals. *Cheek v. Western & Southern Life Insurance Company, 31 F.3d at 501*.

Rizzo's specific allegations of gender discrimination in her EEOC charge -- such as exclusion from a single meeting, denial of unspecified opportunities and promotions, and her demotion and termination based on unspecified instances of discrimination -- do not cause a reader of her EEOC charge to believe that she was complaining of a hostile work environment. *Cf. Haugerud v. Amery Sch. Dist., 259 F.3d 678, 690 (7th Cir. 2001)* (plaintiff could raise hostile work environment claim in federal court where her complaint included "allegations of newly imposed maintenance assignments, negative comments, and an increased workload" and the defendant had "no reason to be surprised by the nature of her legal claims, because her [EEOC] complaint stated that it was based on sex discrimination and harassment'").

Instead, Rizzo's EEOC charge appears to be stating claims for race and gender discrimination. "An aggrieved employee may not complain to the EEOC of only certain [*6] instances of discrimination, and then seek judicial relief for different instances of discrimination." *Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992)*. Thus, an EEOC charge which contains only general allegations regarding discrimination does not allow a plaintiff to pursue a federal complaint containing "any claims that may fall within [the EEOC charge's] range." *Id.* Using this rule, the Seventh Circuit held that a plaintiff who specifically referred to her termination and complained generally of racial discrimination in her EEOC charge could not pursue a harassment claim in federal court because the harassment claim did not fairly flow from the EEOC charge. *Id. at 1111-12*.

In this case, the court concludes that Rizzo's hostile work environment claim does not fairly flow from her EEOC charge. As noted above, the Seventh Circuit has refused to allow a plaintiff who files a broadly worded EEOC charge to expand her claims in federal court to include "related conduct that took place in connection with the employment relationship." *Id. at 1110*. This is precisely what Rizzo is attempting to do. In sum, because Rizzo [*7] filed an EEOC charge that broadly claimed that she was a victim of race and age discrimination, she cannot expand her charge to include a hostile work environment claim. Ball's motion to dismiss Rizzo's hostile work environment claim is, therefore, granted.

#### 2. Intentional Infliction of Emotional Distress

Ball next asserts that Rizzo's intentional infliction of emotional distress ("IIED") claim is preempted by the

Illinois Human Rights Act and that, even if it this claim is not preempted, the facts alleged in Rizzo's complaint fail to state a claim for which relief may be granted. The Illinois Human Rights Act ("IHRA") provides that "no court of this state shall have jurisdiction over the subject of an alleged civil rights violation." *775 ILCS § 5/8 - 111(c)*. If a plaintiff's common law action sounds in tort, but nonetheless seeks redress for injuries arising from a "civil rights violation" within the meaning of the IHRA, then the IHRA preempts the common law claim. *Geise v. The Phoenix Company of Chicago, Inc., 159 Ill. 2d 507, 639 N.E.2d 1273, 1276-77, 203 Ill. Dec. 454 (Ill.1994)* (the IHRA preempts state law tort claims when the facts alleged are "inextricably linked" to "civil rights violations").

[*8] In *Geise*, the plaintiff filed a sexual harassment claim against her former employer based on her allegation that her employer hired and retained a manager who had harassed her. She also asserted that the employer was liable for IIED arising from the harassment. The Illinois Supreme Court held that the IIED claim was preempted by the IHRA because it was inextricably linked to her civil rights claim. *Id.*

The Illinois Supreme Court has construed *Geise* to hold that a common law tort claim is not inextricably intertwined with civil rights claims and thus is not preempted by the IHRA if the facts underlying the tort claim are independent of any legal duties created under the IHRA. *Maksimovic v. Tsogalis, 177 Ill. 2d 511, 687 N.E.2d 21, 227 Ill. Dec. 98 (Ill. 1997)*. Here, Rizzo's IIED claim is wholly dependent on her employment discrimination claim and, therefore, it cannot serve as a separate and distinct basis for imposing common law tort liability. *See id.* Accordingly, it is preempted by the IHRA.

**B. Rizzo's Motion to Strike Ball's Affirmative Defenses**

**1. Standard for a Motion to Strike Affirmative Defenses**

Motions to strike affirmative defenses are generally disfavored [*9] and should be granted only when the affirmative defense is insufficient on the face of the pleading. *See, e.g., Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir.1991)*. When considering a motion to strike an affirmative defense, the court uses the familiar standard used for motions to dismiss under *Rule 12(b)(6)*. *Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir.1989)*. This means that affirmative defenses will not be stricken if they are sufficient as a matter of law or present questions of law or fact. *Id.*

**2. Ball's Affirmative Defenses**

As affirmative defenses, Ball asserts that: (1) it terminated Rizzo for a legitimate, non-discriminatory reason, (2) Rizzo unreasonably failed to take advantage of preventative or corrective opportunities it provided, (3) Ball had a procedure for reporting and eliminating sexual discrimination and Rizzo was aware of the procedure but failed to take advantage of it, and (4) Rizzo failed to mitigate her damages by, among other things, not seeking alternative employment.

According to Rizzo, these affirmative defenses should be stricken because they are conclusory and unsupported [*10] by any facts. In its response to Rizzo's motion, Ball correctly concedes that its first affirmative defense essentially restates its denial of the allegations in Rizzo's complaint and thus is unnecessary as the reasons for Rizzo's termination will be addressed when the court resolves her wrongful termination claim.

With respect to the remainder of Ball's affirmative defenses, the court finds that they adequately put Rizzo on notice as to the nature of Ball's defenses. The court also notes that Rizzo's contention that Ball failed to provide sufficient facts in support of its defenses is rather like the pot calling the kettle black given the extremely streamlined nature of her own pleadings. Rizzo's motion to strike is, therefore, denied.

**III. Conclusion**

For the above reasons, Ball's motion to dismiss is granted, and Rizzo's hostile work environment and IIED claims are dismissed with prejudice. Ball's request to voluntarily dismiss its first affirmative defense is granted, and Rizzo's motion to strike Ball's remaining affirmative defenses is denied.

DATE: April 20, 2005

Blanche M. Manning

United States District Judge